**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DIOVER OLIVA MORENO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-624-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Oliva Moreno's Motion for Temporary Restraining Order ("Motion"), ECF No. 12, requesting that Respondents be enjoined from removing him from the United States and that the Court order his immediate release, or in the alternative, order a bond hearing. *Id.* at 10–11.

Oliva Moreno is a Cuban citizen who entered the country in May 2021 and was subsequently ordered removed that year. Pet. ¶¶ 2, 26. Because he could not be removed, Respondents released him under an Order of Supervision ("OSUP"). *Id.* ¶ 2. He was re-detained in February 2026. *Id.* ¶ 4. On March 4, Oliva Moreno filed the instant Petition. In response to the Court's Show Cause Order, ECF No. 5, Respondents filed a Response, ECF No. 8. Upon review of the Response, the Court ordered Respondents to file a status report detailing their continued efforts to remove Oliva Moreno by April 20. *See* Mar. 20, 2026, Order 2, ECF No. 9. On April 22, 2026, the Court ordered Respondents to file an additional status report detailing their efforts to remove Oliva Moreno to a third country by May 22. Apr. 22, 2026, Order 2, ECF No. 11. The Court found an additional status report appropriate because "Oliva Moreno has been detained for only two months, and Respondents are making efforts to remove him." *Id.*

Generally, when a noncitizen is ordered removed from the United States, they may be detained.  8 U.S.C. § 1231(a)(2)(A).  However, detention may only last for "a period reasonably necessary" to effectuate their removal.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  This period is presumptively six months.  *Id.* at 701.  In some instances, post-final-removal-order detention may become unconstitutional prior to six months where the detainee was previously determined to be unremovable and thus released from custody on an OSUP and then subsequently re-detained.  *See, e.g., Trejo v. Warden of ERO El Paso E. Montana*, --- F.Supp.3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025).  This analysis is highly fact dependent.

Oliva Moreno argues that his "continued detention no longer bears a reasonable relation to its purpose and has become constitutionally unreasonable."  Mot. 7.  And that "the government's interests [in detaining him] do not justify the absence of procedural safeguards."  *Id.* at 8.  As stated in its April 22, 2026, Order, Oliva Moreno has only been detained for two months and Respondents are now, after determining that he cannot be removed to Mexico or Cuba, making efforts to remove him to a third country.  Apr. 22, 2026, Order 1–2.  Oliva Moreno can be removed from the country, and he has been detained for two months while Respondents attempt to effectuate that removal.  Therefore, at this juncture, Oliva Moreno's detention is not unreasonable, and he is unlikely to succeed on the merits of his claims.[1]

---

[1] To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest."  *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)).  "The last two factors merge when the government is the opposing party."  *Nat'l Ass'n for Gun Rights, Inc. v. Garland*, 697 F.Supp.3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

As for Oliva Moreno's request that the Court enjoin his removal from the country, *see* Mot. 2, "[a] request for a stay of removal is a challenge to a removal order," *see Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). District courts generally "lack[] jurisdiction to grant such relief." *Id.* And there is nothing to suggest that Oliva Moreno's final removal order cannot be enforced or that he cannot be removed from the United States to a third country. *See generally* Mot.

Accordingly, the Court **ORDERS** that Oliva Moreno's Motion, ECF No. 12, is **DENIED**.

**SO ORDERED**.

**SIGNED this 28th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3