**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DIOVER OLIVA MORENO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-624-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP** | § | |
| **EAST MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Diover Oliva Moreno's Petition for a Writ of Habeas Corpus ("Pet."), ECF No. 1.  Oliva Moreno is detained at the El Paso Service Processing Center. Decl. Oliva Moreno ¶ 1, ECF No. 35.

Oliva Moreno, a Cuban citizen, entered the country in 2021.  Pet ¶ 26.  On April 28, 2021, an immigration judge ordered him removed from the country.  *Id*. ¶ 27.  However, Oliva Moreno could not be removed and was released from detention under an Order of Supervision on May 6, 2021.  *Id.* ¶ 28.  He remained at liberty under ICE supervision until February 2026.  *Id*. ¶ 29.  In early February 2026, during his appearance at a routine appointment, Oliva Moreno was re-detained by immigration authorities.  *Id*. ¶ 34.  Oliva Moreno argues that his detention is unlawful because he has been detained since February 2026 and because Respondents cannot demonstrate that his removal is reasonably foreseeable.  *See id.* ¶¶ 49, 58–60.  He has now been detained for six consecutive months.

On March 5, 2026, the Court ordered Respondents to show cause why Oliva Moreno's Petition for a Writ of Habeas Corpus, ECF No. 1, should not be granted.  March 5, 2026, Order, ECF No. 5.  In their Response, ECF No. 8, Respondents argued that Oliva Moreno's detention is

lawful because he is subject to a final order of removal, his detention may be extended past the ninety-day removal period provided by statute, and he cannot show there is no likelihood of removal in the reasonably foreseeable future. Resp. 2–4. The Court then ordered Respondents to file a series of advisories regarding the status of Oliva Moreno's removal. *See* Mar. 20, 2026, Order, ECF No. 9; July 5, 2026, Order, ECF No. 21; July 16, 2021, Order, ECF No. 30. Respondents did so. *See* 1st Advisory, ECF No. 10; 2d Advisory, ECF No. 26; 3d Advisory, ECF No. 36.

Respondents state that Oliva Moreno was re-detained to effectuate his removal. *See* Resp. 1. On March 30, 2026, Cuba denied Oliva Moreno for repatriation. *See* 1st Advisory, Ex. A ("Marin Decl.") ¶ 6, ECF No. 10-1. And throughout repeated efforts to remove Oliva Moreno to Mexico, he has not consented to be deported to that country. *See* 2d Advisory, Ex. A ("Romero Decl.") ¶ 5, ECF No. 26-1. Respondents now state that they "have not identified" any alternative third country for Petitioner's removal, despite previously alluding to a possibility of pursuing removal to the Democratic Republic of Congo or El Salvador. *See* Advisory, Ex. A ("Alaniz Decl.") ¶ 7, ECF No. 36-1; Romero Decl. ¶¶ 7–8. Thus, "[t]he anticipated timeline to remove petitioner is currently unknown." Alaniz Decl. ¶ 11.

A noncitizen who has been ordered removed may be detained to effectuate his removal only for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Oliva Moreno has been detained for longer than the six month presumptively reasonable period set forth in *Zadvydas*. *See generally* Pet.; Resp. 1–2. In terms of removal efforts, after Cuba denied Oliva Moreno for repatriation, Respondents identified Mexico as an alternative country for removal but have been unable to remove him there so far. *See generally* Romero Decl. As Respondents have acknowledged in numerous habeas cases before this Court, Mexico does not accept third country nationals for removal when they do not consent to go there. Thus, Oliva Moreno meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Respondents must rebut this showing by either demonstrating that Oliva Moreno's removal is likely in the reasonably foreseeable future or deporting him.

Respondents provide no anticipated timeline for removal and appear to have taken virtually no concrete steps to identify an alternate country for removal in the months since they became aware that Cuba and Mexico were not viable options. *See generally* Alaniz Decl.; *see also* Marin Decl. ¶ 6. Therefore, Respondents have failed to carry their burden of proving that Oliva Moreno's removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025). Nevertheless, because Respondents aver that they are "continuously working" on third country removal, Alaniz Decl. ¶ 8, the Court gives them a final opportunity to do so.

Accordingly, the Petition is **GRANTED IN PART**. *See id.* The Court **ORDERS** that, <u>**on or before August 19, 2026**</u>, Respondents shall either lawfully **REMOVE** Oliva Moreno from the United States or **RELEASE** Oliva Moreno from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before August 19, 2026**, Respondents shall **FILE** notice informing the Court whether Oliva Moreno has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the August 19, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED** this 5th day of August, 2026.

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE